**Affirmed in Part; Reversed and Remanded in Part and Memorandum Opinion on Remand filed December 13, 2012.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-09-01040-CR

---

### HERBERT RAY WILSON, Appellant

### V.

### THE STATE OF TEXAS, Appellee

---

**On Appeal from the 174th District Court
Harris County, Texas
Trial Court Cause No. 1133069**

---

## MEMORANDUM OPINION ON REMAND

Appellant Herbert Ray Wilson was convicted of capital murder and sentenced to life in prison without the possibility of parole. On original submission, appellant argued that (1) his confession was involuntary, and (2) an automatic sentence of life without the possibility of parole violated the Eighth Amendment to the U.S. Constitution because he was a juvenile at the time of the offense. Finding no error, a panel of this Court affirmed appellant's conviction and sentence. *Wilson v. State*, 348 S.W.3d 32 (Tex. App.—Houston [14th Dist.] 2011, pet. ref'd). On petition for writ of certioriari, the United

States Supreme Court vacated the judgment and remanded to this court for further consideration in light of *Miller v. Alabama*, 567 U.S. ___, 132 S.Ct. 2455 (2012). Having considered this case further in light of the new decision in *Miller*, we reverse the trial court's judgment as to punishment and remand for a new punishment hearing only.

Following a line of cases recognizing that juveniles may have less "moral culpability" because of their youth, the Supreme Court held that mandatory life imprisonment without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition against cruel and unusual punishment. *Miller*, 132 S.Ct. at 2460. The Court in *Miller* reasoned:

> [A] judge or jury must have the opportunity to consider mitigating circumstances before imposing the harshest possible penalty for juveniles. By requiring that all children convicted of homicide receive lifetime incarceration without possibility of parole, regardless of their age and age-related characteristics and the nature of their crimes, the mandatory sentencing schemes before us violate this principle of proportionality, and so the Eighth Amendment's ban on cruel and unusual punishment.

*Id.* at 2475.

The Court specifically did not consider the argument that the Eighth Amendment categorically bars life without parole for juveniles. *Id.* at 2469. Although the Supreme Court thought "appropriate occasions for sentencing juveniles to this harshest possible penalty will be uncommon," it did "not foreclose a sentencer's ability to make that judgment in homicide cases." *Id.* at 2469. The Court required that sentencers "take into account how children are different, and how those differences counsel against irrevocably sentencing them to a lifetime in prison." *Id.* The Court cited immaturity, family environment, circumstances of the crime and the possibility of rehabilitation as important considerations for the sentencer. *Id.* at 2468–70.

In this case, the evidence shows that appellant was seventeen years old at the time of the offense. Under the current statutory scheme, appellant's crime carries a mandatory minimum punishment of life without the possibility of parole. *See* Tex. Penal Code Ann.

2

§ 12.31(b)(2). Because appellant's punishment violates the Eighth Amendment to the United States Constitution, we sustain his second issue.

Ordinarily, this court has authority to reform an improper sentence to reflect the sentence that should have been given. *See* Tex. R. App. P. 43.3. We cannot modify the sentence to impose one that is not statutorily authorized, however. *See Henry v. State*, No. 05-11-00676-CR, 2012 WL 3631251 (Tex. App.—Dallas Aug. 24, 2012, no pet.) (mem. op.).

Accordingly, we affirm the trial court's judgment on guilt for the reasons given in our original opinion. For the reasons explained above, however, we reverse the judgment as to punishment and remand to the trial court for a new punishment hearing.

/s/ J. Brett Busby
   Justice

Panel consists of Justices Seymore, McCally, and Busby.

Do Not Publish — TEX. R. APP. P. 47.2(b).